UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUEEN M. ALLEN, ET AL., : | |
|     Plaintiffs, : | CIVIL ACTION NO. |
| : | 3:12-CV-00482 (JCH) |
| v. : | |
| : | OCTOBER 25, 2013 |
| VERIZON WIRELESS, ET AL., : | |
|     Defendants. : | |

**RULING RE: PROFESSIONAL DISABILITY ASSOCIATES' MOTION TO DISMISS**
**(Doc. No. 139)**

**I.     INTRODUCTION**

Defendant Professional Disability Associates ("PDA") moves to dismiss Counts 11, 12, and 15 asserted against it in the Sixth Amended Complaint of plaintiffs Queen M. Allen and Waltrina Rene Whitman. Professional Disability Associates' Motion to Dismiss (Doc. No. 139) at 1. PDA contends that these Counts must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) because they fail to state a claim for which relief can be granted. Id. The standard of review for Rule 12(b)(6) and the factual background of this case are outlined in the court's June 6, 2013 Ruling. Ruling Re: MLS Group of Companies' Motion to Dismiss (Doc. No. 91), Professional Disability Associates' Motion to Dismiss (Doc. No. 92), Verizon Wireless's Motion to Dismiss (Doc. No. 93), Metlife's Motion to Dismiss (Doc. No. 98), Metlife's Motion to Strike (Doc. Nos. 125, 129), and Plaintiffs' Motion for Leave to File Sur-Reply (Doc. No. 128) (hereinafter "Ruling") (Doc. No. 131) at 1-7.

The Ruling acknowledged that plaintiffs' claims for Intentional Infliction of Emotional Distress (IIED) and breach of contractual duty against PDA were without factual allegations. Id. at 11, 24. The court, however, permitted plaintiffs to replead those claims with plausibly supporting facts. Id. Plaintiffs have repled these claims as

1

Counts 11 and 12 (breach of contractual duty) and Count 15 (IIED) in their Sixth Amended Complaint. Sixth Amended Complaint ("Sixth Am. Compl.") (Doc. No. 133) at ¶¶ 312-76, 390-408.

## II. DISCUSSION

### A. Counts 11 and 12

Count 11 of the Sixth Amended Complaint states that "Allen pleads a seventeenth cause of action for breach of contractual duty against Metlife." Sixth Am. Compl. at ¶ 313. Count 12 similarly pleads that Metlife breached its contractual duty, this time to Whitman. Id. at ¶ 343. PDA contends that these claims are also brought against it, because both counts state that PDA breached a contractual duty it owed to Metlife and that "Allen [has] established Professional Disability Associates['] liability." Professional Disability Associates' Memorandum in Support of Motion to Dismiss (Doc. No. 140); see also Sixth Am. Compl. at ¶¶ 336-37, 340, 367-68, 371.

In its prior Ruling, the court dismissed plaintiffs' claims of breach of contractual duty against PDA, with leave to replead, because the Fifth Amended Complaint was void of factual allegations that plausibly alleged that Allen was a third-party beneficiary to the contract between Metlife and PDA. See Ruling at 23-24. The Sixth Amended Complaint similarly fails to plausibly plead that Allen was a third-party beneficiary to this contract.[1] The allegations in Counts 11 and 12 that PDA breached this contract are, in

---

[1] Plaintiffs' Opposition to PDA's Motion to Dismiss does not correct this deficiency. The Opposition notes that Allen alleges that PDA "intended to assume a direct obligation to the plaintiffs," but provides no citation to any allegations in the Complaint that support, or even reiterate, this statement. Plaintiffs' Memorandum in Opposition to Defendant[s'] Professional Disability Associates['] Motion to Dismiss (Doc. No. 150) at 3-4. The Opposition also states that PDA is a subcontractor to Metlife, and that Metlife had a contract with Verizon Wireless. Id. at 4. Neither fact, however, establishes that Allen was a third-party beneficiary to PDA's contract

2

fact, identical to the Fifth Amended Complaint's allegations of the same.  Compare Sixth Am. Compl. at ¶¶ 336-37, 340, 367-68, 371 with Fifth Amended Complaint ("Fifth Am. Compl.") (Doc. No. 88) at ¶¶ 318-19, 322, 349-50, 353.  As the court found that the Fifth Amended Complaint did not "plausibly suggest that PDA and MLS intended to assume a direct obligation to Allen or Whitman," Ruling at 24, it must reach the same conclusion here, where plaintiffs have made no new allegations of such an obligation.  Thus, Counts 11 and 12 are dismissed against PDA.

    B.    Count 15

Count 15 repleads plaintiffs' claims for IIED against PDA.  In its prior Ruling, the court dismissed, with leave to replead, plaintiffs' IIED claims against PDA because the allegations did not raise a right to relief above the speculative level.  Ruling at 10-11.  The Sixth Amended Complaint states that, "[a]ll Defendants, and each of them, knew or reasonably should have known that the conduct described herein would and did proximately result in emotional and physical distress to Plaintiffs."  Sixth Am. Compl. at ¶ 392.  The Sixth Amended Complaint also claims that, "[a]t all relevant times, all Defendants, and each of them, had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct." Id. at at ¶ 393.  Despite these amendments, however, the Sixth Amended Complaint fails to allege facts sufficient to plausibly allege all elements of an IIED

---

with Metlife, or that PDA intended to create such a contract with Allen.  See Grigerik v. Sharpe, 247 Conn. 293, 311-12 (1998) ("[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the *intent of the parties to the contract* was that the promisor should assume a direct obligation to the third party [beneficiary]." (emphasis in original) (quotation marks and citations omitted)).

claim,[2] and thus contains no new allegations to alter the court's previous Ruling on this issue.

Plaintiffs assert that the Sixth Amended Complaint provides "a basis for concluding that PDA had knowledge of Allen and Whitman based on the medical information provided by PDA to Metlife," and that this fact supports the first element of a claim for IIED. Plaintiffs' Memorandum in Opposition to Defendant[s'] Professional Disability Associates['] Motion to Dismiss (Doc. No. 150) at 4-5. PDA's mere knowledge of Allen and Whitman, however, does not plausibly suggest that PDA intended to inflict emotional distress upon them, or that PDA knew or should have known that its conduct would result in emotional distress to them. Plaintiffs further argue that a PDA doctor's usage of Whitman's medical information in conducting a medical review of Allen, resulting in an inaccurate review, was extreme and outrageous. Id. at 5-6. The court's prior Ruling found this argument unsupported by the factual assertions in the Fifth Amended Complaint. Ruling at 11. The Sixth Amended Complaint alleges even fewer facts supporting such a finding than the Fifth Amended Complaint did, and is absent of any allegation that PDA's conduct here was extreme and outrageous. Compare Sixth Am. Compl. at ¶¶ 394-402 with Fifth Am. Compl. at ¶¶ 390-97. Plaintiffs, then, have not made out a viable IIED claim against PDA; thus, Count 15 must be dismissed.

---

[2] Under Connecticut state law, a plaintiff must prove four elements to prevail on a claim for IIED:
> (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme or outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

DeLaurentis v. City of New Haven, 220 Conn. 225, 266-67 (1991) (citations omitted).

### III.  CONCLUSION

As Plaintiffs' Sixth Amended Complaint fails to sufficiently allege facts in support of their claims of breach of contractual duty and IIED against PDA, Counts 11, 12, and 15 against PDA are dismissed.  PDA's Motion to Dismiss (Doc. No. 139) is, therefore, **GRANTED**.


**SO ORDERED.**

Dated at New Haven, Connecticut this 25th day of October, 2013.

                                                                     /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge