UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUEEN M. ALLEN & <br> WALTRINA R. WHITMAN <br>     Plaintiffs, <br><br> v. <br><br> VERIZON WIRELESS, METLIFE, <br><br>     Defendants. | CIVIL NO. 3:12-CV-00482-(JCH) <br><br><br> JULY 7, 2015 |

VERIZON WIRELESS' MOTION FOR RECONSIDERATION RE: DENIAL OF SUMMARY
JUDGMENT ON PLAINTIFF QUEEN ALLEN'S FMLA INTERFERENCE CLAIM

Pursuant to Local Rule 7(c), Defendant Verizon Wireless ("VW"), through its attorneys Jackson Lewis P.C., hereby submits this Motion for Reconsideration of the Court's ruling denying VW's Motion for Summary Judgment (Doc. No. 272) with respect to Plaintiff Queen Allen's ("Allen") Family and Medical Leave Act ("FMLA") interference claim. Reconsideration is appropriate in this instance because the Court's ruling denying VW's Motion for Summary Judgment with respect to Allen's March 2010 FMLA interference claim was based on a mistake of fact. Specifically, the Court's ruling on Allen's March 2010 FMLA interference claim is premised on the incorrect factual conclusion that Allen was disciplined for otherwise FMLA protected absences and that such absences were a reason for the termination of her employment for job abandonment six months later.

As set forth in greater detail in the accompanying memorandum of law, the Court found that Allen's March 2010 FMLA interference claim should survive summary judgment because an internal VW human resources form (NEA Admin Review Form) referenced a July 2010 Final Written Warning ("FWW") for attendance. While the NEA HR Admin Review Form cites to the FWW (which was later reduced to a Verbal Warning), the FWW was not based on

any FMLA qualifying absences and was in no way a factor in the decision to terminate Allen's employment. Moreover, the Verbal Warning does not even reference any dates that Allen was out of work from February 24, 2010 through her return on June 24, 2010 (the period she claimed she should have received FMLA leave). VW has presented indisputable evidence that the decision to terminate Allen's employment in January of 2011 was solely as a result of her job abandonment and inability to return to work after being out on unapproved leave for approximately two months beginning November 2010. Indeed, Allen presents no evidence that the NEA Admin Review Form was anything beyond an administrative review of Allen's employment in connection with the processing of her termination paperwork and has put forth no evidence to suggest that VW took into consideration Allen's prior unauthorized leaves in making the decision to terminate her employment for job abandonment. Therefore, it is appropriate for the Court's decision in this case to be reconsidered and for summary judgment to be granted in favor of VW on Plaintiff Queen Allen's FMLA interference claim.

WHEREFORE, Defendants respectfully request that the Court grant this Motion for Reconsideration and grant summary judgment to Defendants on Plaintiff's FMLA interference claim.

Respectfully submitted,

DEFENDANT VERIZON WIRELESS

By: */s/ Sarah R. Skubas*
Sarah R. Skubas (ct28327)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
sarah.skubas@jacksonlewis.com

2

*/s/ Peter C. Moskowitz*
Peter C. Moskowitz (phv05732)
Jackson Lewis P.C.
666 Third Avenue, 29th Floor
New York, NY  10017
T: (212) 545-4000
F: (212) 972-3213
MoskowiP@jacksonlewis.com

ITS ATTORNEYS

## CERTIFICATION OF SERVICE

I hereby certify that on July 7, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

>Queen Melissa Allen
>1 Deer Meadow Drive
>Bloomfield, CT  06002

>*/s/ Sarah R. Skubas*