UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUEEN M. ALLEN & <br> WALTRINA R. WHITMAN <br>     Plaintiffs, <br> <br> v. <br> <br> VERIZON WIRELESS, METLIFE, <br> <br>     Defendants. | CIVIL NO. 3:12-CV-00482-(JCH) <br> <br> <br> <br> JULY 7, 2015 |

MEMORANDUM OF LAW IN SUPPORT OF VERIZON WIRELESS' MOTION FOR
RECONSIDERATION RE: DENIAL OF SUMMARY
JUDGMENT ON PLAINTIFF QUEEN ALLEN'S FMLA INTERFERENCE CLAIM

I.      INTRODUCTION

Pursuant to Local Rule 7(c), Defendant Verizon Wireless ("VW"), through its attorneys Jackson Lewis P.C., hereby submits this memorandum of law in support of VW's Motion for Reconsideration of the Court's ruling denying VW's Motion for Summary Judgment (Doc. No. 272) with respect to Plaintiff Queen Allen's ("Allen") Family and Medical Leave Act ("FMLA") interference claim.  Reconsideration is appropriate in this instance because the Court's ruling denying VW's Motion for Summary Judgment with respect to Allen's March 2010 FMLA interference claim was based on a mistake of fact. Specifically, the Court's ruling on Allen's March 2010 FMLA interference claim is premised on the incorrect factual conclusion that Allen was disciplined for otherwise FMLA protected absences and that such absences were a reason for the termination of her employment for job abandonment six months later.

The Court found that Allen's March 2010 FMLA interference claim should survive summary judgment because an internal VW human resources form (NEA Admin Review

Form) referenced a July 2010 Final Written Warning ("FWW") for attendance. While the NEA HR Admin Review Form cites to the FWW (which was later reduced to a Verbal Warning), the FWW was not based on any FMLA qualifying absences and was in no way a factor in the decision to terminate Allen's employment. Moreover, the Verbal Warning does not even reference any dates that Allen was out of work from February 24, 2010 through her return on June 24, 2010 (the period she claimed she should have received FMLA leave). VW has presented indisputable evidence that the decision to terminate Allen's employment in January of 2011 was solely as a result of her job abandonment and inability to return to work after being out on unapproved leave for approximately two months beginning November 2010. Indeed, Allen presents no evidence that the NEA Admin Review Form was anything beyond an administrative review of Allen's employment in connection with the processing of her termination paperwork and has put forth no evidence to suggest that VW took into consideration Allen's prior unauthorized leaves in making the decision to terminate her employment for job abandonment.

Accordingly, the record evidence demonstrates that there is no issue of fact as to whether Allen suffered any prejudice as a result of the alleged interference with her March 2010 FMLA interference claim.

II.   PROCEDURAL BACKGROUND

VW filed a motion seeking summary judgment. (Doc. No. 259). In her Opposition to Summary Judgment, Allen's argument as to FMLA interference was limited to issues stemming from her November 2010 FMLA claim.[1] (Doc No. 229, pp. 21-26). However, at oral argument, Allen clarified that she intended to make a claim for FMLA interference based

---

[1] While Allen cited briefly to a denial of FMLA in October of 2009 and April 2010, she did not articulate how VW interfered with these claims and/or resulting prejudice. (Doc. No. 229, p. 27).

2

on her March 2010 FMLA.[2]  Thereafter, the Court permitted additional briefing as to Allen's claim that VW interfered with her March 2010 FMLA request for absences beginning on February 24, 2010.  (*See* Doc Nos. 259, 260, 262, 265-267).  VW submitted its brief on April 23, 2015, arguing lack of any interference and lack of any prejudice stemming from the alleged March 2010 interference claim.  (Doc No. 260).  In response, Allen submitted an Opposition whereby she claimed prejudice stemming from the alleged March 2010 interference, including lost employee phone privileges, terminated phone lines and termination in general.  (Doc No. 262).  In reference to her termination, Allen cited an internal VW human resources form (Allen's Ex. 4), but on the face of Allen's briefing, it was unclear to VW as to why Allen believed this was proof that the claimed interference resulted in her termination.  (*See* Doc. No. 262, p. 7).[3]  Accordingly, VW believed that further briefing was only necessary on the issue of whether Allen's reported lost phone privileges was a valid prejudice and briefed only that issue on June 1, 2015.  (Doc No. 267).

In the Court's Summary Judgment ruling dated June 23, 2015 (Doc No. 272), the Court noted that it was not clear from the record whether Allen's prior unapproved leave was considered in terminating Allen's employment for job abandonment in January 2011 and that because she received a FWW in July of 2010, which was cited in the NEA HR Admin Review

---

[2] This position is contrary to Allen's deposition testimony in which she stated she was basing her FMLA interference claim solely upon the handling of her November 2010 FMLA claim.  (Allen Dep. 132).

[3] Because of Allen's *pro se* status, Allen's briefing arguments are often repetitive and somewhat unclear.  While she vaguely referenced termination in her Opposition to VW's Supplemental Memorandum, VW merely believed Allen was reiterating previous arguments, which did not pertain to FMLA interference and VW did believe that further briefing on this point was necessary as it was outside the scope of the briefing permitted by the Court.  Further to VW's understanding of Allen's position as to her FMLA interference claim, during her deposition, when questioned regarding the basis for her FMLA interference claim, Allen specifically stated "I wasn't terminated because of using FMLA…I just think they could have done something else, maybe suspend me, or, you know, there could have been another alternative…"  (Allen Dep. 133).   Again, this was solely in the context of the November 2010 leave.  Because these issues were not fully briefed, this led to the mistaken issue of fact..

Form, this ambiguity presented an issue of fact as to whether Allen's prior unauthorized leave beginning February 2010 was a consideration in the decision to terminate Allen's employment. (Doc. 272, p. 25).

III. LEGAL STANDARD

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). There are generally three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Additionally, a party may also be entitled to succeed on a motion for reconsideration where the court overlooked controlling law or material facts. *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam).

IV. ARGUMENT

The Court's ruling on Allen's March 2010 FMLA interference claim is premised on the incorrect factual conclusion that Allen was disciplined for otherwise FMLA protected absences and that this could have been a consideration in her termination for job abandonment. The ruling cites to an internal VW human resources form (the NEA HR Admin Review) in concluding that a material issue of fact exists as to whether Allen was prejudiced by this alleged interference because this form references a July 2010 FWW for absenteeism and notes that Allen

4

had been out of work previously on STD with no FMLA leave. (Doc No 272, p. 25).[4] As Allen concedes, this July FWW was actually reduced to a Verbal Warning. (Sixth Am. Compl. p. par. 187-188 and Exhibit 28).[5] The Verbal Warning does not reference any dates that Allen was out of work from February 24, 2010 through her return on June 24, 2010 (the period she claimed she should have received FMLA leave). (Ex. 28). It is therefore indisputable that Allen did not suffer any prejudice as a result of the Verbal Warning relating to her March 2010 FMLA interference claim.

While the NEA HR Admin Review admittedly cites to the FWW (which was reduced to a Verbal), there is no issue of fact as to whether the FWW was based on any claimed FMLA absences. Allen was out of work from February 24, 2010 through June 24, 2010. The only absences cited in this FWW that even arguably relate to Allen's absences stemming from her March 2010 FMLA request are the following eight (8) days: June 14, 2010 – June 23, 2010. (Ex. 20). It is undisputed that, had Allen been approved for FMLA leave in March of 2010, her FMLA time would have started on her first date out (February 24, 2010) and expired twelve weeks later (May 19, 2010). *See 29 USCS 2601 et seq.* (providing employees with twelve weeks of protected leave). Accordingly, not only was Allen out for over a month beyond what she would have been entitled to under the FMLA, those absences counted in the FWW were in no

---

[4] The Court considered this form properly in evidence because Allen claimed that she received it in discovery. VW did not produce this document to Allen in this litigation as it was non-responsive to Allen's discovery requests, as evidenced by the lack of bates labeling on Allen's Exhibit 4. It did, however, produce the document to Allen in connection with her CTDOL claim. Accordingly, Allen did not properly authenticate this NEA HR Review as VW noted in its Reply brief at p. 3, no 4. Notwithstanding, Allen did include copies of her July 2010 FWW and Verbal Warning as Exhibits to her Amended Complaint (copies are attached hereto at Tab 1 for the Court's convenience) and are thus, part of the record. (*See Am.* Compl., Doc. No. 12, Exs. 20 & 28 (hereinafter referred to as "Exhibit 20" and "Exhibit 28" respectively)).

[5] VW reduced the FWW to a Verbal Warning upon learning that MetLife further extended Allen's STD benefits to June 24, 2010. Initially, benefits had only been approved through June 13, 2010 and Allen did not return to work until June 24, 2010. (MetLife Summary Judgment Memorandum Affidavit of Stephanie Williams, Ex. A, ALLEN000423).

way FMLA protected and any claimed prejudice stemming from the FWW would not relate to the claimed FMLA interference.

Furthermore, VW has provided undisputed evidence that the sole reason for Allen's termination was job abandonment in January of 2011. (VW's Memorandum in Support of Summary Judgment, pp.7-10 and Affidavit of Katie Phipps ("Phipps Aff.") attached thereto at Tab B). Diane Anderson was the individual who initiated the decision to terminate Allen's employment for job abandonment, which stemmed solely from Allen's absences beginning in November of 2010. (Phipps Aff. par. 20-21). The decision to terminate Allen's employment for job abandonment was approved by Ms. Anderson's supervisor, Ms. Knuth, and it was then that Human Resources' employees Katie Phipps and Nancy Flynn reviewed the information, along with Laurie Severino, who finalized the termination decision for job abandonment relating to her failure to return to work in January 2011. (Phipps Aff. par. 22-23). VW produced undisputed evidence that the only consideration in terminating Allen's employment was her failure to provide any medical information and/or return to work in connection with her absences beginning in November 2010. (*Id.*). The January 14, 2011 termination letter to Allen states that "[as] of today, you have failed to respond to our attempts to assist you, you have failed to submit any documentation, and you have failed to return to work. Therefore, we have concluded that you have elected to abandon your position…"(Allen Dep. 11, Ex. 1). The fact that the NEA HR Admin Review Form, an internal VW HR from completed by Nancy Flynn, notes that Allen had been "out on STD with no FMLA from 2/24-6/18", is simply not evidence of prejudice caused by FMLA interference. Indeed, as it pertains to her absences beginning in February of 2010, it is undisputed that Allen's job remained open during this period and she returned to work in June

of 2010. (Allen Dep. 80-82, Ex. 14). The insufficiency of Allen's purported evidence is further demonstrated by the fact that the NEA HR Admin Review Form also cites to Allen's performance ratings, which neither VW nor Allen contend were at issue in the decision to terminate her employment for job abandonment.

Accordingly, the Court should grant summary judgment to VW on Allen's March 2010 FMLA interference claim to correct a mistake of fact and avoid manifest injustice.[6]

## V. CONCLUSION

Based on the foregoing, VW respectfully requests that its Motion for Reconsideration be granted and that the Court grant VW's motion for summary judgment with respect to Plaintiff Allen's FMLA interference claim.

Respectfully submitted,

DEFENDANT VERIZON WIRELESS

By: */s/ Sarah R. Skubas*
Sarah R. Skubas (ct28327)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
Tel: (860) 522-0404
Fax: (860) 247-1330

---

[6] Further warranting reconsideration and summary judgment in VW's favor is an error of fact pertaining to the whether the record evidence reflected MetLife notifying Allen of her obligation to submit the HCPC certificate to be eligible for FMLA leave in March of 2010. (Doc. 272, p. 21-22). The record reveals, and Allen cannot contest, that MetLife did inform Allen in writing on March 12, 2010 that she needed to return the FMLA packet, otherwise her request may be denied. (*See* Ex. 13 attached to Allen's Am. Compl.). VW also reached out to Allen in writing on March 22, 2010 reminding her that MetLife had not received the requisite forms. (Ex. 14 attached to Allen's Am. Compl.).

of 2010. (Allen Dep. 80-82, Ex. 14). The insufficiency of Allen's purported evidence is further demonstrated by the fact that the NEA HR Admin Review Form also cites to Allen's performance ratings, which neither VW nor Allen contend were at issue in the decision to terminate her employment for job abandonment.

Accordingly, the Court should grant summary judgment to VW on Allen's March 2010 FMLA interference claim to correct a mistake of fact and avoid manifest injustice.[6]

## V. CONCLUSION

Based on the foregoing, VW respectfully requests that its Motion for Reconsideration be granted and that the Court grant VW's motion for summary judgment with respect to Plaintiff Allen's FMLA interference claim.

Respectfully submitted,

DEFENDANT VERIZON WIRELESS

By: */s/ Sarah R. Skubas*
Sarah R. Skubas (ct28327)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
Tel: (860) 522-0404
Fax: (860) 247-1330

---

[6] Further warranting reconsideration and summary judgment in VW's favor is an error of fact pertaining to the whether the record evidence reflected MetLife notifying Allen of her obligation to submit the HCPC certificate to be eligible for FMLA leave in March of 2010. (Doc. 272, p. 21-22). The record reveals, and Allen cannot contest, that MetLife did inform Allen in writing on March 12, 2010 that she needed to return the FMLA packet, otherwise her request may be denied. (*See* Ex. 13 attached to Allen's Am. Compl.). VW also reached out to Allen in writing on March 22, 2010 reminding her that MetLife had not received the requisite forms. (Ex. 14 attached to Allen's Am. Compl.).

*/s/ Peter C. Moskowitz*
Peter C. Moskowitz (phv05732)
Jackson Lewis P.C.
666 Third Avenue, 29th Floor
New York, NY  10017
T: (212) 545-4000
F: (212) 972-3213
MoskowiP@jacksonlewis.com

ITS ATTORNEYS

**CERTIFICATION OF SERVICE**

I hereby certify that on July 7, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Queen Melissa Allen
1 Deer Meadow Drive
Bloomfield, CT  06002


/s/ Sarah R. Skubas