**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | |
| | : | CIVIL ACTION NO. |
| QUEEN M. ALLEN, et al., | : | 3:12-CV-00482 (JCH) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| VERIZON WIRELESS, et al., | : | |
|     Defendants. | : | AUGUST 10, 2015 |

**RULING RE: MOTION FOR RECONSIDERATION (DOC. NO. 281)**

On June 23, 2015, the court granted in part and denied in part defendant Verizon

Wireless'("Verizon") Motion for Summary Judgment.   Ruling Re: Motions for Summary

Judgment (Doc. No. 274) ("Ruling").   The court granted summary judgment on all

claims except one: plaintiff Queen Allen's ("Allen") claim for interference under the

Family Medical Leave Act ("FMLA") based on Verizon's denial of Allen's FMLA request

in February/March 2010.   Id. at 20-25.

Pursuant to Local Rule 7(c), Verizon filed the present Motion for Reconsideration

as to the court's denial of summary judgment on the one remaining claim.   Verizon

Wireless' Motion for Reconsideration Re: Denial of Summary Judgment on Plaintiff

Queen Allen's FMLA Interference Claim (Doc. No. 281) ("Mot. for Reconsid.").   Verizon

alleges that the court's ruling was based on mistake of fact, and that reconsideration is

necessary to prevent manifest injustice.   Id.   Allen has filed an opposition to the

Motion.   Plaintiff's Opposition to Motion for Reconsideration ("Pl.'s Opp.") (Doc. No.

284).

For the reasons set forth below, Verizon's Motion for Reconsideration is **GRANTED**.   Upon reconsideration, Verizon's Motion for Summary Judgment (Doc. No. 207) is **GRANTED** in full.

## I.   JURISDICTION

As a preliminary matter, the court must address its jurisdiction to consider the pending motion, in light of the plaintiffs having filed a Notice of Appeal on July 23, 2015, appealing the court's June 23, 2105 Ruling granting MetLife's Motion for Summary Judgment and granting in part Verizon's Motion for Summary Judgment.   Notice of Appeal (Doc. No. 286).   When an appeal has been filed, the district court is generally divested of "control over those aspects of the case involved in the appeal."   Sullivan v. Stein, No. CIV.3:03CV1203 (MRK), 2005 WL 465425, at *1 (D. Conn. Feb. 7, 2005) (quoting Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985)).   However, where a notice of appeal "has been filed from an order that is non-appealable, jurisdiction does not rest with the Court of Appeals, but remains with the district court."   Id.; Hoffenburg v. United States, 2004 WL 2338144, at *2 (S.D.N.Y. Oct.18, 2004) (collecting cases).

Because the court's June 23, 2015 Ruling "adjudicate[d] fewer than all of the claims remaining in the action," and "adjudicate[d] the rights and liabilities of fewer than all of the remaining parties," it is not a "final" judgment or order within the meaning of 28 U.S.C. § 1291, and thus is not properly appealable.   Citizens Accord, Inc. v. Town of Rochester, New York, 235 F.3d 126, 128 (2d Cir.2000); Sullivan, 2005 WL 465425 at *2.   Thus, because plaintiffs' appeal is premature, this court retains jurisdiction to decide the pending Motion for Reconsideration.

## II.     STANDARD OF REVIEW

The standard for granting a motion for reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."   See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).   A court should not grant a motion for reconsideration where the moving party seeks only to relitigate an issue already decided.   See id.   In general, granting a motion for reconsideration is only justified if there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice.   See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).   Reconsideration may also be warranted where the moving party can demonstrate that the court "overlooked facts that might reasonably be expected to alter its conclusion."   Young v. Cnty. of Nassau, 511 F. App'x 35, 38 (2d Cir. 2013) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)).

## III.    DISCUSSION

Allen was absent from work without prior approval from February 24, 2010, until her return to work on June 24, 2010.   She requested leave under FMLA for this period, but was denied.   In denying Verizon's Motion for Summary Judgment on Allen's February/March 2010 FMLA interference claim, the court previously concluded that, if Verizon interfered with Allen's rights under FMLA, a reasonable jury could find that Allen suffered tangible injury as a result of that interference.   Ruling at 24-25.   It based this conclusion largely on the fact that 1) Allen had received a "Final Written Warning" in July 2010, following her unapproved leave, and 2) the lack of clarity in the record as to whether a) the denial of FMLA caused Allen to receive the warning, and b) whether

Allen's receipt of this warning contributed to or accelerated Verizon's decision to terminate her employment on January 14, 2011.   Id.

Verizon now asks the court to reconsider this conclusion for clear error or to prevent manifest injustice.   Verizon argues that based on facts in the record – in particular, two pieces of evidence that were in the record but not cited in Verizon's Motion for Summary Judgment – it is undisputed that Allen's receipt of the warning was not caused by the denial of her FMLA request.   Memorandum of Law in Support of Verizon Wireless' Motion for Reconsideration (Doc. No. 282) ("Def.'s Mem.") at 4-6. Thus, any tangible injury suffered as a result of the warning would not be caused by the denial of Allen's FMLA claim.

In support, Verizon first points to the signed written warning that was issued in July 2010.   Id. at 5-6.   While this document was not cited in Verizon's Motion for Summary Judgment, it was previously attached to Allen's Amended Complaint and thus was part of the record.   Amended Complaint, Exh. 20 (Doc. No. 12 at 125).   Verizon argues that this warning was not caused by the denial of Allen's FMLA request and her resulting unapproved absences.   It argues that, while certain absences cited in the warning are from the end of Allen's period of absence – namely, from June 14, 2010 through June 23, 2010 – those dates would not have been covered by FMLA even if Allen's February/March 2010 FMLA request had been granted.   Def.'s Mem. at 5-6. The basis for this argument is that, because the FMLA provides a maximum of twelve weeks of protected leave during any twelve month period, Allen's FMLA time, if granted, would have run from February 24, 2010, her first day out of work, and expired twelve weeks later on May 19, 2010.   See 29 U.S.C. § 2612(a)(1).   Thus, Allen's absences

4

between May 20, 2010 and June 23, 2010, would have still been unapproved even if Allen's FMLA request had been granted, meaning her receipt of the written warning was not affected by the denial of her FMLA request.

Verizon also points to the fact that the written warning was later reduced to a verbal warning, a less serious sanction.   Def.'s Mem. at 5.   The verbal warning was also previously attached to Allen's Amended Complaint and thus part of the record, although not cited in Verizon's Motion for Summary Judgment.   Amended Complaint, Exh. 28 (Doc. No. 12 at 147).   Verizon argues that the verbal warning was the operative warning on Allen's record at the time of her termination, and it did not result from the denial of Allen's FMLA request and her resulting unapproved absences. Def.'s Mem. at 5.   It notes that none of the dates of Allen's February 24, 2010 – June 24, 2010 absence are cited in the warning.   Id.   Rather, the warning refers to absences from other dates in 2010, which were not the subject of her February/March 2010 FMLA request.[1]

After reviewing the text of the Final Written Warning and the Verbal Warning, the court agrees that a reasonable jury could not conclude that either warning was caused by the denial of Allen's February/March 2010 FMLA request.   While Allen's Opposition contends that the "NEA HR Admin Review" form references the Final Written Warning, which she argues renders in dispute whether the warning affected her termination – as also noted by the court in its prior Ruling – it fails to address the fact that the warning

---

[1] Specifically, the Verbal Warning references absences on January 5, 7, 8, and 11; February 2; July 2 and 13, August 19, and September 8, 20, and 21.   The Final Written warning referenced these same dates from January, February, and July, as well as June 14, 15, 16, 17, 18, 21, 22, and 23.

itself does not appear to have been caused by the denial of Allen's February/March 2010 FMLA request.   See Pl.'s Opp. at 4.   There is no evidence before the court to suggest that the unapproved absences on which the warnings were based would have been approved absences if Allen's February/March 2010 FMLA request had been granted.   Thus, even if Allen's FMLA request had been granted, she would still have received a warning based on these unapproved absences.   Because Allen's receipt of both the written and verbal warnings was not caused by the denial of her FMLA request, whether or not those warnings accelerated or contributed to Verizon's decision to terminate her is immaterial to her FMLA interference claim.

Allen also argues that Verizon has not met the standard for reconsideration, because it "attempts to reargue facts and theories upon which a court has already ruled."   Pl.'s Opp. at 3.   However, Verizon's Motion is not premised on asking the court to relitigate an issue already decided.   Rather, their Motion is premised on the court having overlooked material facts in the record that would have altered its decision, and the need to correct clear error or prevent manifest injustice.   The court agrees that reconsideration is warranted on this basis.

Allen also argues that, regardless of whether the warning was caused by denial of her FMLA request, the fact that her February – June 2010 absences were designated as unapproved was itself a factor in her termination.   Pl.'s Opp. at 3-4.   In support, she points to the reference to her February 24, 2010 – June 18, 2010 period of absence on the "NEA HR Review" form.   This statement alone is, in itself, insufficient to support an inference that Allen's termination was caused by the designation of her February-June 2010 absence as non-FMLA leave.   As reflected in the warnings, Allen

6

did not receive a formal sanction for the absences that would have been covered by FMLA, had it been granted.   In addition, the denial of Allen's February/March 2010 FMLA claim took place approximately eight months prior to her termination.   Further, it is undisputed that prior to her termination, Allen had been absent from work without approval for nearly two months.   Allen has not pointed to any evidence from which a reasonable jury could conclude that, but for the designation of her February-June 2010 leave as unapproved, she would not have been fired in January 2011 as a result of this two month absence.

Having determined that the Warnings received by Allen were not caused by the denial of her February/March 2010 FMLA request, there are no disputed facts in the record from which a jury could reasonably conclude that Allen suffered an injury cognizable under the FMLA.[2]   Thus, summary judgment is appropriate on her February/March 2010 FMLA interference claim.   See Roberts v. Health Ass'n, 308 F. App'x 568, 570 (2d Cir. 2009) (summary order) (district court did not err in granting summary judgment where, although plaintiff could likely show that the defendant interfered with her FMLA rights, there was no evidence that the violation was prejudicial); Reyes v. New York City Health & Hospitals Corp., 2012 WL 3764061, at *5 (E.D.N.Y. Aug. 29, 2012) (summary judgment appropriate on FMLA interference claim

---

[2] In her previous filings, Allen also argued that she lost employee phone benefits and lost time from work as a result of the denial of her FMLA claim.   Allen's Response to VSW Supplemental Memorandum (Doc. No. 262) at 12-13.   However, there is no evidence in the record from which a jury could conclude that Allen's phone benefits were terminated because her leave was not designated as FMLA leave.   Indeed, Allen appears to agree that she lost her phone lines "due to lack of monies while appealing her claim due to her need to be out of work." Id.   There is also no evidence in the record that the designation of Allen's leave as non-FMLA caused Allen to lose additional time from work.   In addition, Allen's short term disability request was ultimately granted, meaning that she received short term disability benefits for the period of her absence.

where plaintiff could not show that she suffered any injury from the alleged violation); see also Cianci v. Pettibone Corp., 152 F.3d 723, 729 (7th Cir. 1998) (summary judgment proper where plaintiff failed to show she had a remedy under the FMLA).

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** Verizon's Motion for Reconsideration (Doc. No. 281).   Upon reconsideration, Verizon's Motion for Summary Judgment (Doc. No. 207) is **GRANTED**.

**SO ORDERED.**

Dated this 10th day of August, 2015 at New Haven, Connecticut.


/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge